IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00834-BNB

ARLUS DANIEL, JR.,

Plaintiff,

v.

SARGENT STEINER,

Defendant.
_____

**ORDER**
_____

This matter arises on two "Supplements" filed by the plaintiff, Arlus Daniel:

(1) **Supplement to Case # 14-cv-00834-BNB: Petition for Declaratory Judgment and Injunctive Relief** [Doc. #5, filed 04/30/2014] (the "First Supplement"); and

(2) **Supplement to Case # 14-cv-00834-BNB in Support of Injunctive Relief** [Doc. #6, filed 05/14/2014](the "Second Supplement").

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff initiated this case by filing a document titled Petition for Damages in a 42 U.S.C. § 1983 & Extension of Time [Doc. #1] (the "Complaint"). The Complaint alleges that while the plaintiff was incarcerated at the Skyline Correctional Center ("Skyline"), the defendant retaliated against him in violation of the First Amendment for filing an Application for a Writ of

Habeas Corpus.[1]  The Complaint also seeks relief from the statute of limitations because "[o]n March 29, 2014, the statute of limitation for Daniel's ability to seek relief through the courts with regards to this injustice will expire."

On April 2, 2014, I ordered the plaintiff to serve the defendant on or before July 21, 2014, with a summons and a copy of the Complaint and file proof of that service pursuant to Fed. R. Civ. P. 4.  Subsequently, the plaintiff filed the Supplements.  The plaintiff states that on March 27, 2014, his Parole Officer gave him "a direct order" "to not send 42 U.S.C. § 1983 complaint documents . . . to state employees." *First Supplement*, p. 2.  The plaintiff states that he mailed a copy of the Complaint to the defendant and to the Attorney General's Office.  Id.  The plaintiff seeks "guidance" from the court regarding service on the defendant.

The plaintiff must serve the defendant pursuant to the Federal Rules of Civil Procedure; he may not simply mail the Complaint to the defendant.  Service must be accomplished by a "person who is at least 18 years old and *not a party*." Fed. R. Civ. P. 12(c)(2) (emphasis added).

The plaintiff is suing the defendant correctional officer in her individual and official capacities.  Under the Federal Rules of Civil Procedure, an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;

---

[1] The plaintiff is currently residing at a Larimer County Community Corrections facility.

>    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under the Colorado Rules of Civil Procedure, an individual may be served "by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process." Colo. R. Civ. P. 4(e)(1).

Service on the defendant in her official capacity under the federal rules requires "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j). Under Colorado law, service on "an officer, agent, or employee of the state, acting in an official capacity" is accomplished by delivering a copy thereof to the officer, agent, or employee, and by delivering a copy to the attorney general." Colo. R. Civ. P. 4(e)(10)(A).

The plaintiff also appears to be seeking injunctive relief against a Larimer County Community Corrections official, though he does not state the specific relief sought. *First Supplement*, pp. 4-9. The plaintiff may not use this action to seek an injunction concerning events and defendants that are wholly unrelated to those asserted in the existing Complaint. If the

plaintiff wishes to assert a claim for injunctive relief regarding events that occurred at the Larimer County Community Corrections facility, he must (after exhausting available administrative remedies) either file a separate complaint raising those issues or seek leave to amend his complaint to include those claims.

Finally, the plaintiff appears to assert a claim for retaliation against his Parole Officer, *First Supplement*, Ex. 1, and claims for violations of his due process rights and his right to access the courts against unnamed officials at the Larimer County Community Corrections facility. *Second Supplement*.  The plaintiff may not amend his Complaint by simply filing piecemeal supplements.  Rather, he must file the entire proposed amended complaint.  The plaintiff may not incorporate by reference his original Complaint into the amended complaint.  The amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims.  <u>Mink v. Suthers</u>, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

The Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.  Any amendment must comply with Fed. R. Civ. P. 20, which governs permissive joinder of defendants.  Rule 20 provides in pertinent part:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

IT IS ORDERED:

(1) On or before **July 21, 2014**, the plaintiff shall serve defendant Steiner with a summons and a copy of the Complaint and file proof of that service pursuant to the Federal Rules of Civil Procedure;

(2) To the extent the plaintiff requests injunctive relief, the request is DENIED;

(3) The plaintiff's attempts to amend the Complaint are DENIED WITHOUT PREJUDICE;

(4) Any future attempts to amend the Complaint must comply with this Order; and

(5) Failure to comply with this Order may result in dismissal of the Complaint.

Dated May 21, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge