IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00834-CMA-BNB

ARLUS DANIEL, JR.,

Plaintiff,

v.

SARGENT STEINER,

Defendant.

_____

**ORDER**
_____

This matter arises on the following, filed by the plaintiff:

(1) **Amended Petition for Damages in a 42 U.S.C. § 1983** [Doc. #16, filed 09/26/2014] (the "Amended Petition");

(2) **Motion for Service of Amended 42 U.S.C. § 1983 . . . & Summons by U.S. Marshalls** [sic] [Doc. #17, filed 10/06/2014] (the "Motion for Service"); and

(3) **Petition for Damages in a 42 U.S.C. § 1983 & Extension of Time** [Doc. # 18, filed 10/06/2014].

I construe the Amended Petition as a request to amend the Complaint. That request is DENIED WITHOUT PREJUDICE. The Motion for Service is DENIED AS MOOT. The "Petition for Damages in a 42 U.S.C. § 1983 & Extension of Time" is STRICKEN.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff initiated this case by filing a document titled "Petition for Damages in a 42 U.S.C. §1983 & Extension of Time" [Doc. #1, filed 3/21/2014] (the "Complaint"). The Complaint asserts a violation of the First Amendment based on the defendant's alleged retaliation against the plaintiff for filing an Application for a Writ of Habeas Corpus. The Complaint also seeks relief from the statute of limitations because "[o]n March 29, 2014, the statute of limitation for Daniel's ability to seek relief through the courts with regards to this injustice will expire."

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, I ordered the plaintiff to serve the defendant with a summons and a copy of the Complaint, and to file proof of that service on or before July 21, 2014. After granting the plaintiff two extensions of time, I ordered the plaintiff to serve the defendant with a summons and a copy of the Complaint and file proof of that service on or before September 30, 2014. I warned the plaintiff that failure to comply with my order would result in a recommendation that the Complaint be dismissed. The plaintiff did not file proof of service on the defendant. Instead, he filed the Amended Petition.

The Amended Petition adds 16 defendants and asserts one claim for retaliation in violation of the plaintiff's First Amendment rights. The Amended Petition suffers many deficiencies. The Amended Petition is not submitted on the court's standard complaint form. An unrepresented party must use the forms established by this court to file an action. D.C.COLO.LCivR 5.1(c). The Amended Petition contains legal argument, which is not appropriate in a complaint.

The Amended Petition contains substantially the same allegations as the Complaint, except for an additional allegation against Parole Officer Janet Russell. Attached to the Amended Petition is a copy of the Complaint. That attachment is redundant. The plaintiff also attaches a copy of an unexecuted summons for each defendant, which should not be attached to a complaint, but should be filed separately after they are executed.

The plaintiff attaches to the Amended Petition an "Affidavit of Sequence Events" which consists of eight single-spaced, type written pages detailing the alleged retaliatory actions. The affidavit is not sworn under penalty of perjury as required by 28 U.S.C. § 1746.[1] The affidavit does not contain any allegations against at least half of the proposed defendants.

The Federal Rules of Civil Procedure require that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v.

---

[1] Section 1746 provides that whenever any rule requires that a matter be supported by affidavit, such matter may be supported by an unsworn declaration which is subscribed by the author as true under penalty of perjury and dated.

ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Any further attempts to amend the Complaint must comply with Rule 8 and with this order. Any proposed amended complaint shall be submitted on the court's form. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be stated separately. Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief against each defendant. Each claim shall not exceed two typewritten pages, double-spaced. The proposed amended complaint shall be titled "Amended Complaint." The plaintiff may not incorporate by reference his original Complaint into the proposed amended complaint. The proposed amended complaint must stand alone; it must contain all of the plaintiff's claims. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). The plaintiff shall not attach to a proposed amended complaint materials that are not directly related to the allegations of the proposed amended complaint.

The plaintiff has also filed a "Petition for Damages in a 42 U.S.C. § 1983 & Extension of Time" [Doc. # 18]. That document is a copy of the Complaint. The plaintiff shall cease filing redundant documents.

Finally, in his Motion for Service, the plaintiff requests that the court direct the United States Marshal to serve each of the proposed defendants named in the Amended Petition. That

request is now moot. However, I note that the plaintiff does not cite any authority to support his request for service by the Marshal, and I am not aware of any. The plaintiff is not proceeding *in forma pauperis*, and he must effect service on all named defendants.

IT IS ORDERED:

(1) The plaintiff's attempt to amend his Complaint is DENIED WITHOUT PREJUDICE, and the Amended Petition [Doc. #16] is not accepted;

(2) Any further attempts to amend the Complaint shall comply with Rule 8 and with this order;

(3) The Clerk of the Court shall enclose with this Order a copy of the court's prisoner complaint form with instructions;

(4) The Motion for Service [Doc. #17] is DENIED;

(5) The Petition for Damages in a 42 U.S.C. § 1983 & Extension of Time [Doc. # 18] is STRICKEN;

(6) The plaintiff shall cease filing redundant documents;

(7) The plaintiff shall serve defendant Steiner with a summons and a copy of the initial Complaint and file proof of that service on or before October 20, 2014; and

(7) Failure to comply with this order may result in dismissal of this case. Dismissal may result in an expiration of the applicable statute of limitation and bar re-filing of the complaint.

Dated October 9, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge