IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00834-CMA-BNB

ARLUS DANIEL, JR.,

Plaintiff,

v.

SARGENT STEINER,

Defendant.

_____

**ORDER**
_____

This matter arises on the plaintiff's proposed **Amended Prisoner Complaint** [Doc. #22, filed 10/22/2014] (the "Second Amended Complaint"). The Second Amended Complaint is accepted for filing. In addition, the plaintiff must, on or before February 25, 2015, file proof that he has served the defendants with a Summons and a copy of the Second Amended Complaint.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff initiated this case by filing a document titled "Petition for Damages in a 42 U.S.C. §1983 & Extension of Time" [Doc. #1, filed 3/21/2014] (the "Complaint"). The Complaint asserts a violation of the First Amendment based on the defendant's alleged retaliation against the plaintiff for filing an Application for a Writ of Habeas Corpus. The

Complaint also seeks relief from the statute of limitations because "[o]n March 29, 2014, the statute of limitation for Daniel's ability to seek relief through the courts with regards to this injustice will expire."

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, I ordered the plaintiff to serve the defendant with a summons and a copy of the Complaint, and to file proof of that service on or before July 21, 2014.[1]  After granting the plaintiff two extensions of time, I ordered the plaintiff to serve the defendant with a summons and a copy of the Complaint and file proof of that service on or before September 30, 2014.  I warned the plaintiff that failure to comply with my order would result in a recommendation that the Complaint be dismissed.

The plaintiff did not file proof of service on the defendant.  Instead, he filed a first proposed amended complaint.  I struck the first proposed amended complaint because it suffered many deficiencies, and I denied without prejudice the plaintiff's attempt to amend his Complaint.  I ordered that any future attempts to amend the Complaint must comply with Fed. R. Civ. P. 8 and with my order.  In addition, I ordered the plaintiff serve defendant Steiner with a summons and a copy of the initial Complaint and file proof of that service on or before October 20, 2014.  I warned the plaintiff that failure to comply with my order could result in dismissal of this case and that dismissal could result in an expiration of the applicable statute of limitation and bar re-filing of the complaint.

Again, in lieu of serving defendant Steiner, the plaintiff filed the Second Amended Complaint.  The plaintiff's failure to follow my orders notwithstanding, the Second Amended Complaint complies with Rule 8 and my order, and it will be accepted for filing.  On or before

---

[1]The plaintiff is not proceeding *in forma pauperis*.

February 25, 2015, the plaintiff shall file proof that he has served the defendants.  No further extensions of time will be granted, and the plaintiff may not file another proposed amended complaint in lieu of service.

IT IS ORDERED:

(1)  The Second Amended Complaint [Doc. #22] is accepted for filing;

(2)  The plaintiff must file proof of service on all defendants on or before **February 25, 2015**;

(3)  No further extensions of time will be granted and the plaintiff may not seek leave to amend the complaint in lieu of completing service against the defendants;

(4)  The Clerk of the Court shall sign and return to the plaintiff the proposed summonses which are attached to the Second Amended Complaint; and

(5)  Failure to comply with this order may result in dismissal of this action.  Dismissal of the this action may result in an expiration of the applicable statute of limitation and bar recovery.

Dated October 28, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge